IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | ) )<br>) | CIVIL ACTION NO.: 1:11-CV-805 |
| Plaintiff, | )<br>)<br>) | **COMPLAINT** |
| v. | )<br>) | |
| PBM GRAPHICS INC., | )<br>) | **JURY TRIAL DEMAND** |
| Defendant. | )<br>)<br>) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin, non-Hispanic, and to provide appropriate relief to a class of individuals who were adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "Commission") contends that Defendant, PBM Graphics, Inc. ("Defendant"), discriminated against a class of applicants and temporary workers based their national origin, non-Hispanic. Specifically, from January 1, 2003 to the present, Defendant failed to place and/or assign non-Hispanic applicants and temporary workers to its core group of "regular" temporary workers based on their national origin, non-Hispanic. The Commission further contends that Defendant provided fewer work hours to non-Hispanic temporary workers because of their national origin, non-Hispanic.

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3.	Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 6.

4.	At all relevant times, Defendant has been a North Carolina corporation doing business in the state of North Carolina and in the city of Durham.  During the relevant period, Defendant operated a commercial printing manufacturing business and was headquartered in Durham, N.C.  Defendant has continuously held at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charge Number 140-2006-00977 was filed with the Commission, alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From at least January 1, 2003 through the present, Defendant engaged in unlawful employment practices by refusing to place and/or assign a class of non-Hispanic workers to its core group of regular temporary workers at its facilities in Durham, North Carolina based on their national origin, non-Hispanic in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, during the relevant period, from at least January 1, 2003 until around June 30, 2006, Defendant operated two production facilities in Durham, N.C. – one on Prospectus Drive and another on South Miami Boulevard. Around June 30, 2006, the production operations for these two facilities were combined at another facility on South Miami Boulevard. The employment practices alleged to have been discriminatory herein occurred at all of Defendant's facilities.

8. During the relevant period, Defendant routinely utilized a temporary workforce for its production needs. Defendant sought and obtained referrals for temporary work from a placement agency for persons to perform "light bindery

3

handwork." Defendant expressed its preference for Hispanic temporary workers to the placement agency. Even though the placement agency sent both Hispanic and non-Hispanic temporary workers, non-Hispanic workers were disproportionately rejected by Defendant while Hispanic temporary workers who were equally or less qualified were allowed to work.

9. During the relevant period, Defendant developed a "core group of 'regular' temporary workers" (hereafter "core group"). This core group, comprised of approximately 10 -15 persons per shift on at least five shifts, is and has been disproportionately composed of Hispanic temporary workers to the exclusion of non-Hispanic temporary workers. The temporary workers in the core group were told by Defendant to continue to come to work for Defendant until otherwise notified. Temporary workers from the core group were also sometimes selected by Defendant for hire as employees of Defendant. Other temporary workers (non-Hispanics) who were equally or more qualified than the Hispanics assigned to the core group were not assigned to Defendant's core group and worked shorter-term assignments with Defendant, with some working as little as a few hours or a few days.

10. Accordingly, Defendant engaged in a pattern or practice of discriminatory placement and/or assignment during the relevant period by predominately placing and/or assigning Hispanic temporary workers to fill available positions in its core group of regular temporary workers to the exclusion of similarly qualified non-Hispanic temporary

4

workers, thereby denying non-Hispanic temporary workers positions based on their national origin, non-Hispanic.

11. Based on the allegations above, the Commission further alleges that from at least January 1, 2003 through the present, Defendant engaged in unlawful employment practices by providing fewer work hours to its non-Hispanic temporary workers because of their national origin in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant engaged in pattern or practice of discrimination by assigning a greater number of work hours to Hispanic temporary workers than to similarly qualified non-Hispanic temporary workers, thereby denying non-Hispanic temporary workers hours of work based on their national origin, non-Hispanic.

12. The effect of the practices complained of above has been to deprive a class of non-Hispanic applicants and temporary employees of equal employment opportunities, and otherwise adversely affect their status as applicants and temporary employees because of their national origin, non-Hispanic.

13. The unlawful employment practices complained of above were intentional.

14. The unlawful employment practices by Defendant complained of above were done with malice or with reckless indifference to the federally protected rights of a class of non-Hispanic applicants and temporary workers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from any employment practice that discriminates on the basis of national origin.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for non-Hispanic applicants and temporary workers and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole a class of non-Hispanic applicants and temporary workers by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to instatement.

D. Order Defendant to make whole a class of non-Hispanic applicants and temporary workers by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical expenses and job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole a class of non-Hispanic applicants and temporary workers by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of civil rights, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay a class of non-Hispanic applicants and temporary workers punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 29th day of September, 2011.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Tina Burnside
TINA BURNSIDE
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Zoë G. Mahood
ZOË G. MAHOOD
N.C. Bar No. 21722
Senior Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608-2129
Telephone:   919.856.4080
Facsimile:    919.856.4156
Zoe.Mahood@eeoc.gov

ATTORNEYS FOR PLAINTIFF