IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
             Plaintiff, )
)
    v. ) 1:11cv00805
)
PBM GRAPHICS, INC., )
)
             Defendant. )

**CONSENT DECREE**

    The United States Equal Employment Opportunity Commission ("Commission") instituted this action pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and (6) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant, PBM Graphics, Inc. ("Defendant"), discriminated against a class of applicants and temporary workers based on their national origin, non-Hispanic. Specifically, the Complaint alleged that from January 1, 2003, to the present, Defendant provided fewer work hours to non-Hispanic temporary workers because of their national origin, non-Hispanic. The Complaint further alleged that Defendant failed to place and/or assign non-Hispanic applicants and temporary workers to Defendant's core group of 'regular' temporary workers based on their national origin, non-Hispanic.

    Defendant denies each and every claim made by the Commission in this lawsuit. This Decree, and compliance with this Decree by

Defendant, shall not be construed as an admission by Defendant of any wrongdoing or liability.  Likewise, the Commission does not disavow the allegations contained in its Complaint.  The Commission's entry into this Consent Decree does not in any way imply or suggest that Defendant was in compliance with the law as alleged in this action.

The Commission and the Defendant hereby stipulate to the jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

IT IS THEREFORE the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 22 below.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of national origin or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of his or her opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or

2

assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. **Monetary Relief**: Defendant shall pay total monetary damages in the amount of Three Hundred Thirty-Four Thousand Dollars and No Cents ($334,000.00) in settlement of the claims in this lawsuit, in accordance with the procedures set forth in paragraphs 4 through 8 below, to those aggrieved persons identified by the Commission.

4. Within fourteen (14) days of the entry of this Decree by the Court, Defendant shall select an escrow agent (hereafter "escrow agent") who will be compensated by Defendant, and shall disclose the name of the escrow agent to the Commission. Within thirty (30) days of the entry of this Decree by the Court, Defendant shall pay the settlement funds to the escrow agent.

5. Immediately upon entry of this Decree, the Commission shall notify all relevant individuals of their interest in this matter and shall send those individuals a release of any claims of national origin discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* that were included in the claims alleged in the Commission's lawsuit against Defendant (hereafter "Release"), which is marked as Attachment A and hereby made a part of this Decree. The settlement funds shall be distributed solely to those individuals that have executed a valid, enforceable Release and have returned the Release to the Commission within ninety (90) days of entry of this Decree (hereafter "aggrieved person(s)"). Should an aggrieved person predecease before executing the Release, the Commission may

seek and obtain the Release from an individual having legal authority over the aggrieved person's estate (hereafter "executor"), provided the receipt of the Release together with all documents supporting the executor's authority are received by the Commission within ninety (90) days of entry of this Decree. The inability to obtain proper documentation evidencing the executor's authority and a Release signed by the executor within ninety (90) days of entry of this Decree shall waive the predeceased aggrieved person's interest in any settlement funds. Within one hundred (100) days following entry of this Decree, the Commission will provide Defendant with copies of all Releases and documents evidencing an executor's authority, and will also provide the escrow agent and Defendant with a list of all aggrieved persons who will share in the total settlement amount, including the full name of the each aggrieved person, the last known address of each aggrieved person, the amount due each aggrieved person, and a social security number or taxpayer identification number for each aggrieved person. Provided each of the preceding conditions precedent have been satisfied, Defendant shall direct the escrow agent to pay, within thirty (30) days of the escrow agent's receipt of the Commission's list, the settlement funds due to each aggrieved person. Defendant shall direct the escrow agent to make all payments in the amounts indicated by the Commission (no withholding) by (1) issuing a bank draft or check directly payable to each aggrieved person in the amount set forth by the Commission and (2) delivering such payments to the aggrieved persons at the addresses provided by the Commission via U.S. Mail. To the extent

4

the social security number or taxpayer identification number for an aggrieved person is not valid, the escrow agent shall make reasonable efforts to resolve any discrepancy. Defendant shall direct the escrow agent to notify the Commission within ten (10) days of determining that it cannot resolve a discrepancy of its inability to resolve the discrepancy and the steps it took to do so. The Commission then has ten (10) days to attempt to resolve the discrepancy and to notify the escrow agent if it in fact, resolves the discrepancy. If both the Commission and the escrow agent are unable to resolve the discrepancy, the escrow agent shall issue the check to the aggrieved person subject to applicable Internal Revenue Service required withholdings. The checks sent to the aggrieved persons shall remain valid for one hundred eighty (180) days after the date of issuance. The escrow agent shall make reasonable efforts to contact any aggrieved person who failed to cash the check within the one hundred eighty (180) day period (hereafter "Nonresponsive Aggrieved Person"). To the extent the escrow agent is successful in contacting a Nonresponsive Aggrieved Person and the individual provides a current address, the escrow agent shall immediately reissue that individual's check and permit the individual sixty (60) days within which to deposit same. Should any Nonresponsive Aggrieved Person fail to deposit his or her second check within the relevant period or the escrow agent is unable to contact any Nonresponsive Aggrieved Person, he or she shall forfeit his or her right to that monetary relief.

6. Within thirty (30) days of the distribution of the

5

settlement funds to each aggrieved person and continuing on a monthly basis thereafter, Defendant shall direct the escrow agent to send a report identifying those aggrieved persons that have deposited their checks to Defendant, and to the EEOC at EEOC-CTDO-decree-monitoring@eeoc.gov. Neither the Commission nor Defendant makes any representation, nor assumes any responsibility for, any tax liability, assessments, interest, penalties and/or costs that aggrieved persons may or may not incur on such payments under local, state or federal law. This reporting requirement stated herein shall cease when the settlement funds retained by the escrow agent are fully dispersed or within one year, whichever occurs first.

    7.    If a check sent by the escrow agent to an aggrieved person is returned as undeliverable, Defendant will notify the Commission within thirty (30) days of the distribution of the settlement funds to that aggrieved person and the Commission will be given fifteen (15) days thereafter to provide an updated address to Defendant. Within fifteen (15) days after receiving an updated address from the Commission, Defendant shall direct the escrow agent to resend the payment to the aggrieved individual at the updated address (hereafter "resending"). If the Commission is unable to provide an updated address, the money for that aggrieved person shall be returned to the escrow fund for distribution in accordance with paragraph 8.

    8.    Within the earlier of three hundred thirty (330) days after the entry of this Decree, or when the escrow agent has determined that all checks have been cashed or returned as

undeliverable following resending under the terms of paragraphs 7, Defendant shall direct the escrow agent to send to the Commission and to Defendant an accounting of any settlement funds that have not been distributed due to the inability to locate one or more aggrieved persons. Within (20) days after receipt of this accounting by the Commission, the Commission will notify Defendant as to the distribution of the unclaimed settlement funds, which will be distributed among the remaining class members by the Commission. Within fifteen (15) days after receipt of the distribution list from the Commission, Defendant shall direct the escrow agent to make payment by (1) issuing a bank draft or check directly payable to each aggrieved person in the amount set forth by the Commission and (2) delivering such payments to the aggrieved persons at the addresses provided by the Commission via U.S. Mail. Within two hundred (200) days after the escrow agent makes the second payment to the aggrieved persons, Defendant shall direct the escrow agent to provide the Commission and Defendant with a final accounting of any remaining settlement funds which have not been distributed as of that date. Within twenty (20) days after receiving this accounting, the Commission will notify Defendant as to the distribution of the unclaimed settlement funds, which will be paid to a job training program identified by the Commission. Within fifteen (15) days of the notification of the job training program to Defendant by the Commission, Defendant will direct the escrow agent to disburse all remaining funds held in connection with this matter to the job training program.

9. During the term of this Decree, in all new contracts

entered into with temporary agencies for the use of temporary workers at its Durham facility, Defendant will state that "PBM Graphics, Inc. is an Equal Opportunity Employer."

    10.    **Selection Criteria for "Returning or Regular" Group of Temporary Workers**: Defendant certifies that it utilizes legitimate and nondiscriminatory criteria for the selection of temporary employees into Defendant's "returning or regular" group of temporary workers at its Durham facility. This criteria includes: whether the person has prior experience with the task(s) to be performed, with the line of work, and/or with machinery or equipment to be utilized; whether the person's performance to date has been positive, whether the person's output to date has been at a high quality; whether the person's speed of work to date has been sufficient; whether the person's attendance to date has been satisfactory; whether the person has exhibited a positive attitude about the work to date; and whether the person routinely follows workplace rules, procedures and processes. Within ninety days (90) of the entry of this Decree, Defendant shall distribute, as a reminder, to all Durham facility managers and supervisors involved with the selection of temporary workers into the "returning or regular" group of temporary workers this criteria, and Defendant will report compliance with this provision to the Commission within thirty (30) days of such distribution. During the term of the Decree, Defendant will make reasonable efforts to ensure compliance with these legitimate criteria by each manager or supervisor at the Durham facility who is responsible for selecting temporary workers for the "returning or

8

regular" group.

11. **Selection Criteria for the Assignment of Hours**: Defendant certifies that it assigns hours to temporary workers based on legitimate, nondiscriminatory factors. Such factors include the workers' availability, the workers' stated desire to work a certain number of hours at Defendant, and the business needs of Defendant for certain numbers of hours to be worked on certain days and in certain divisions/departments. Within ninety days (90) of the entry of this Decree, Defendant shall distribute, as a reminder, to all Durham facility managers and supervisors involved with the assignment of hours of temporary workers these criteria. Defendant will report compliance with this provision to the Commission within thirty (30) days of such distribution. During the term of the Decree, Defendant will make reasonable efforts to ensure compliance with these legitimate criteria by each manager or supervisor at the Durham facility who is responsible for assigning work hours to temporary workers.

12. **Anti-discrimination Policy**: Defendant possesses and distributes to its employees an Employee Handbook that contains an "Equal Employment Opportunity Statement," as well as an "Anti-Harassment/Anti-Discrimination/Anti-Retaliation" policy. Those policies note Defendant's strong commitment to a workplace free from discrimination, harassment and retaliation. Within ninety (90) day of the entry of this Decree, Defendant shall redistribute to each employee at the Durham facility a copy of these policies. Within one hundred twenty (120) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the

9

term of this Decree, Defendant shall continue to distribute the aforementioned policies to all new employees and review it with them at the time of hire.

13. During the term of this decree, Defendant shall post a copy of its policies described in paragraph 12, *supra*, in its Durham facility in a place where it is visible to employees. If the policies become defaced or unreadable, Defendant shall replace it by posting another copy of the policies. Within ten days (10) after the Consent Decree is entered, Defendant will post the policies and notify the Commission that they have been posted.

14. **Training**: During the term of this Decree, Defendant shall provide an annual training program to all of its managers and supervisors at its Durham facility (including any PBM manager responsible for selecting or supervising temporary workers). The training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964 and its prohibition against national origin discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policies referenced in paragraph 12 above, and an explanation of the rights and responsibilities of employees and managers under the policies. The training shall also include: (1) the provisions and requirements of this Decree; (2) the application of equal employment opportunity to typical employment situations, including but not limited to recruiting and hiring without engaging in stereotyping based on national origin; and (3) the role and responsibilities of the human resources staff regarding compliance with EEO laws and this Decree.

The first training program shall be completed within one hundred eighty (180) days after entry of the Decree by the Court. The subsequent training program shall be conducted approximately one year later. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within fifteen (15) days after completion of each training program, Defendant shall certify to the Commission that the training was completed and shall provide the Commission with a roster of all managers and supervisors in attendance.

15. **Employee Notice**: Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked as Attachment B and hereby made a part of this Decree, in a place where it is visible to employees at its Durham facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

16. **Recordkeeping**: Defendant shall continue to maintain, for the term of this Decree or as required by federal law (whichever is longer):

a. Copies of all documents to, from and/or between Defendant and any temporary agency relating to the agency's providing of temporary workers to PBM for its Durham facility during the reporting period; and

b. All documentation related to the assignment of

temporary workers at the Durham facility maintained by Defendant during the reporting period, including the temporary worker's name, the date and time the temporary worker clocked in and out, and the department to which the temporary worker was assigned.

17. **Reporting**: During the term of this Consent Decree, Defendant shall provide the Commission with two reports, covering two reporting periods. Specifically, the first reporting period will cover a six (6) month period, starting the day after the Decree is approved by the Court, and the second reporting period will cover a twelve (12) month period, starting the day after the initial six (6) month period has ended. Within thirty (30) days prior to each reporting period ending, PBM shall request that any staffing agency that has provided temporary workers at its Durham facility provide PBM with the addresses of the temporary workers who worked at the Durham facility during the specific reporting period. PBM agrees that it will provide a report to the Commission (covering the reporting period) within thirty (30) days of each reporting period expiring, and PBM agrees that the reports shall contain the information set forth below:

a. A list of all temporary workers selected by Defendant for inclusion in the "returning or regular" group of temporary workers at the Durham facility, including by way of identification each person's name, address, date of selection, and end date of the temporary assignment (if applicable), from the day after the Court entered the Decree to the date of the report (for the initial report), and from the day after the initial report to the date of the follow-up report (for the second report); and

12

b.  A list of all temporary workers, who worked onsite at the Durham facility, including by way of identification each person's name, address, number of hours worked, from the day after the Court entered the Decree to the date of the report (for the initial report), and from the day after the initial report to the date of the follow-up report (for the second report).

In the event there is no activity to report pursuant to any subpart of this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

18.  The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's Durham facility, interview employees and examine and copy documents at its Durham facility.  The Commission may inspect Defendant's Durham facility without notice for compliance with the posting provisions in paragraphs 13 and 15.  The Commission shall provide Defendant with a forty-eight (48) hour notice for examination and copying of documents, or for interviewing employees at its Durham facility.  Said notice shall be delivered to Defendant's counsel by facsimile to:  Angela B. Cummings, Littler Mendelson, P.C., facsimile (704)731-0791.

19.  If anytime during the term of this Decree, the Commission believes that Defendant or the escrow agent is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant.  Said notice shall be delivered to Defendant's counsel by facsimile, to:  Angela B. Cummings, Littler Mendelson, P.C., facsimile (704)731-0791.  Defendant shall have twenty (20) days in which to investigate and respond to the

allegations. If the Defendant fails to notify the Commission that it has remedied the alleged non-compliance (and the action undertaken, to remedy it) within twenty (20) days of Defendant's counsel's receipt of the Commission's notice of non-compliance as required by this paragraph, the Commission may petition this Court to enforce the term of the Decree. Any such petition must be filed within sixty (60) days of the expiration of the twenty (20) day cure period.

20. The term of this Decree shall be for two (2) years from its entry by the Court.

21. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: (1) if by email - EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by mail - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

22. Each party shall bear its own costs and attorneys' fees. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of two (2) years without further action by the parties.

The parties jointly request that the Court enter and approve this Consent Decree.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff<br><br>P. DAVID LOPEZ<br>General Counsel<br><br>JAMES L. LEE<br>Deputy General Counsel<br><br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br><br>/s/ Lynette A. Barnes<br>LYNETTE A. BARNES, NC Bar 19732<br>Regional Attorney<br><br>TINA BURNSIDE<br>Supervisory Trial Attorney<br><br>/s/ Zoe G. Mahood<br>ZOE G. MAHOOD, NC Bar 21722<br>Senior Trial Attorney<br>    Email: Zoe.Mahood@eeoc.gov<br>    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>    1309 Annapolis Drive<br>    Raleigh, N.C. 27608<br>    Tel: 919-856-4080<br>    Fax: 919-856-4156<br><br>    ATTORNEYS FOR PLAINTIFF | PBM GRAPHICS, INC., Defendant<br><br>/s/ Angela B. Cummings<br>Angela B. Cummings<br>NC Bar No. 26536<br>Email:  acummings@littler.com<br>Julie K. Adams<br>NC Bar No. 32773<br>Email:  jkadams@littler.com<br>LITTLER MENDELSON, P.C.<br>100 North Tryon Street,<br>Suite 4150<br>Charlotte, NC  28202<br>Telephone:  (704) 972-7000<br>Facsimile:   (704) 333-4005<br><br>John A. Zaloom<br>NC Bar No. 30557<br>Drew K. Kifner, Esq.<br>Moore & Van Allen, PLLC<br>PO Box 13706<br>Research Triangle Park, NC 27709<br>Phone:  919/286-8182<br>Fax:  919/416-8380<br>Email:  johnzaloom@mvalaw.com<br><br>ATTORNEYS FOR DEFENDANT |

SO ORDERED.

                                            /s/   Thomas D. Schroeder
                                            United States District Judge

December 19, 2012

**RELEASE**

In consideration for $_____ paid to me by PBM Graphics, Inc. (hereafter the "Payment"), in connection with the resolution of the lawsuit captioned: *EEOC v. PBM Graphics, Inc.*, Civil Action No.1:11-CV-00805 (the "Lawsuit"), I waive my right to recover for any claims of national origin discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, that I had against PBM Graphics Inc. prior to the date of this Release and that were included in the Lawsuit.

I acknowledge that it is my responsibility to immediately apprise the Commission if I do not receive my Payment within 130 days after I mailed this signed Release to the Commission or if my address changes following the execution of this Release and before I receive the Payment. Additionally, should I fail to deposit or otherwise cash a check for the Payment before 180 days after issuance of the check, I agree that: 1) I received due consideration in the form of the opportunity to deposit/cash a check for Payment; 2) I will not be reissued another check and waive my right to receive the Payment; and 3) my waiver of the above-referenced claims and causes of action is valid and fully enforceable.

Date: _____  Signature: _____
                                           Claimant

```
IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
  CIVIL ACTION NO. 1:11-CV-00805-TDS-JEP
```

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br> v.<br><br>PBM GRAPHICS, INC.,<br><br>    Defendant. | **EMPLOYEE NOTICE** |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and PBM Graphics, Inc., in a case of discrimination based on national origin.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability.

3. PBM Graphics, Inc. will comply with such federal law in all respects. Furthermore, PBM Graphics, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact his or her local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity
Commission
131 M Street, NE
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2014.

**ATTACHMENT B**